IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL F. HARRISON, | ) | CV F 03-5122 LJO WMW HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION |
| | ) | FOR DISCOVERY AND |
| v. | ) | EVIDENTIARY HEARING |
| | ) | [Doc. 63] |
| | ) | |
| MIKE KNOWLES, | ) | ORDER DENYING MOTION |
| | ) | FOR DISCOVERY, |
| Respondent. | ) | EVIDENTIARY HEARING, |
| | ) | APPOINTMENT OF COUNSEL |
| | ) | AND TO RECUSE JUDGE |
| | ) | O'NEILL |
| | | [Doc. 69] |

    Petitioner is a state prisoner who is proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court.

    On June 28, 2007, Petitioner filed a motion seeking discovery and an evidentiary hearing. Unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969). Although discovery is available pursuant to Rule 6, it is only granted at the court's discretion, and upon a showing of good cause.

Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.   The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at295, 89 S.Ct. at 1089).   In this case, the court finds no good cause for the granting of discovery.   Because of his duty to exhaust state judicial remedies, Petitioner has not demonstrated that he can properly attempt to "prove" factual matters to this court which have not previously been presented to the state court.  Hence, Petitioner has not shown a basis for the type of discovery he  seeks to make into governmental and private records.  Accordingly, Petitioner's request for discovery is DENIED.

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

As the court has yet to review the merits of Petitioner's claim, it is unable to determine whether there is a disputed issue of fact that requires an evidentiary hearing.  Following a thorough review of the petition's merits, the court will sua sponte issue an order for an

evidentiary hearing should it find one necessary.  Accordingly, the request for an evidentiary hearing is DENIED.

On December 3, 2007, Petitioner filed a motion requesting discovery, an evidentiary hearing, appointment of counsel, and the recusal of District Judge O'Neill.  These matters have all been previously addressed in the prior orders of this court and are DENIED for the reasons stated therein.

IT IS SO ORDERED.

**Dated:   January 9, 2008**               /s/  **William M. Wunderlich**
                                                   UNITED STATES MAGISTRATE JUDGE

3